UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN VOSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAHOE FOREST HOSPITAL DISTRICT,<br><br>　　　　　Defendant. | Case No. 2:23-cv-01563 TLN-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF Nos. 20, 21) |

　　　　Pending before the Court is Plaintiff Justin Voss's motion to compel Defendant Tahoe Forest Hospital District's further responses and production to Plaintiff's Requests for Production of Documents (RFPs), Set One.[1] (ECF Nos. 20, 21.) Because the fact discovery deadline of June 27, 2025 is fast approaching, on the Court's own motion, the matter is submitted on the papers and the June 24, 2025 hearing is vacated. For the reasons that follow, the Court DENIES Plaintiff's motion to compel.

I.　　**DISCUSSION**

　　　　Plaintiff served its RFPs on January 8, 2025. Plaintiff granted Defendant's request for a 30-day extension, and Defendant responded and produced documents on March 9,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

2025. This initial production was deficient because Defendant only produced approximately 25 pages of communications and did not provide ESI (electronically stored information) as requested. Rather than produce natives of e-mails, Defendant produced PDF images of emails. After Plaintiff raised its objections, providing search terms and custodians, and after Defendant then conducted additional searches, Defendant produced 2,789 e-mails plus attachments on May 13, 2025. Jt Disco Stmt at 5; Decl. of Brian Taylor ¶¶ 25-26 (ECF 20-1 at 4).

Plaintiff argues that Defendant's production and responses remain inadequate because ESI was not produced; Defendant did not produce correspondence after January 2022, though post-January 2022 correspondence is relevant; and the responses must include specific statements "[t]hat a diligent search and reasonable inquiry has been made in an effort to locate the item requested," and if no documents were produced, identification of the reason why. *See* Jt. Disco Stmt at 3-5 & Att. A (ECF No. 21-1).

### A. Legal Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

A party may serve requests to inspect, copy, test, or sample the following in the responding party's possession, custody, or control: "(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or "(B) any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B). A requesting party is entitled to inspect items within a responding party's possession, custody, or control, regardless of whether

1  the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The
2  responding party must respond in writing within thirty (30) days, unless otherwise agreed
3  upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). A party must produce
4  relevant, non-privileged documents in its "possession, custody, or control." Fed. R. Civ.
5  P. 34(a)(1). If a responding party objects, the objection "must state whether any
6  responsive materials are being withheld on the basis of that objection[, and] an objection
7  to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ.
8  P. 34(b)(2)(C).

9       A party may move to compel discovery if the movant has in good faith conferred
10 with the party opposing discovery to obtain the requested discovery without the court's
11 intervention. *See* Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251. This Court's standing
12 orders[2] further require that conferring regarding discovery disputes must be done
13 through communication that occurs in-person, by phone, or by video; written
14 communication alone does not satisfy the requirement to confer where all parties raising
15 the discovery matter are represented by counsel.

16      The moving party bears the burden to "inform the Court which discovery requests
17 are the subject of the motion to compel, and, for each disputed response, why the
18 information sought is relevant and why the responding party's objections are not
19 meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local
20 Rule 251 governs motions to compel and requires the parties to confer and attempt to
21 resolve their discovery differences. If there has been "a complete and total failure to
22 respond to a discovery request or order," the moving party may bring its motion on
23 fourteen (14) days' notice and the requirement for a Joint Statement re Discovery
24 Disagreement is excused. E.D. Cal. L.R. 251(e).
25 / / /
26

---

27 [2] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-
28 judges/united-states-magistrate-judge-chi-soo-kim-csk/.

**B.     Timeliness**

The deadline to complete fact discovery is June 27, 2025. (ECF Nos. 18, 19.) The district court has already granted three requests by the parties to extend the deadline to complete fact discovery, resulting in extending the deadline by over 10 months: (1) on May 3, 2024, the Court extended the deadline from August 9, 2024 to February 7, 2025; (2) on February 3, 2025, the Court extended the deadline from February 7, 2025 to May 8, 2025; and (3) on April 17, 2025, the Court extended the deadline from May 8, 2025 to June 27, 2025. (ECF Nos. 13, 16, 19.) The Court notes that sufficient information has not been presented to the Court to establish good cause for extending the discovery deadline a fourth time. In addition, the parties have not requested a fourth extension of the discovery deadline.

In the Court's Initial Pretrial Scheduling Order (ECF No. 3), the discovery deadline is for the "completion of discovery." *Id.* at 2. "Completed" is defined as "mean[ing] that all discovery shall have been conducted so that all depositions have been taken and *any disputes relative to discovery shall have been resolved by appropriate order if necessary* and, where discovery has been ordered, the order has been obeyed." *Id.* (emphasis added). The deadline to complete fact discovery determines other case deadlines, including deadlines for expert disclosures, expert discovery, and dispositive motions. *See id*. As the parties are likely aware, this definition of completion of discovery in case scheduling orders is widely used throughout this district court.

Plaintiff filed his notice of motion to compel on June 3, 2025, with a June 24, 2025 hearing date, which is three days before the deadline for completing fact discovery. This is not sufficient time for the completion of discovery as defined by the Initial Pretrial Scheduling Order, which requires having taken all depositions, resolving discovery disputes by order if necessary, and obeying discovery orders. (ECF No. 3 at 2.) The Court also notes that the parties requested extending the discovery deadline on April 16, 2025, specifically identifying this dispute regarding Defendant's document production as the basis for its extension request. Accordingly, Plaintiff's motion is denied as untimely.

4

*See Faulkner v. Centurion of Arizona*, 2023 WL 4422264, at *1 (9th Cir. July 10, 2023) (affirming where district court did not abuse its discretion in denying untimely motion to compel discovery).

### C. Other Grounds

The Court also denies Plaintiff's motion to compel on separate and unrelated grounds to the timeliness of the motion to compel. First, the parties failed to adequately meet and confer where the meet and confer was done by e-mail and where issues are not ripe for the Court's review. *See* Jt. Disco Stmt at 3-4 (March 2025 e-mail correspondence); *see* Pl. Mot. at 7 (4/7/2025 e-mail "meet and confer") & Taylor Decl., Exh. C (undated e-mail from Defendant's counsel and 4/6/2025 e-mail from Plaintiff's counsel) (ECF 20-1 at 30-34). This Court's standing orders require that conferring regarding discovery disputes must be done through communication that occurs in-person, by phone, or by video, and expressly provides that written communication alone does not satisfy the requirement to confer where all parties are represented by counsel. Plaintiff's submissions indicate that defense counsel attempted to meet and confer properly by requesting to discuss rather than communicate only by e-mail. When defense counsel asked on March 18, 2025 when Plaintiff's discovery concerns could be discussed, Plaintiff's counsel responded by demanding a written response rather than engaging in the telephone, video, or in-person meet and confer required by this Court. *See* Jt. Disco Stmt at 4. On April 6, 2025, defense counsel again offered to speak by phone and provided his cell phone number that Plaintiff's counsel could call "at any time." Taylor Decl., Exh. C at 5.

The parties' submissions also demonstrate that the parties did not sufficiently meet and confer because the post-January 2022 documents and ESI issues are not ripe for the Court's review where offers remain unanswered.[3] For example, Plaintiff asserts

---

[3] The Court notes that if the parties establish good cause to further extend the discovery deadline, and after adequately meeting and conferring by phone, video, or in-person regarding post-January 2022 documents, Plaintiff may be able to establish Defendant's failure to produce responsive and relevant documents and succeed on a

that it knows post-January 2022 documents exist but were not produced; Defendant has asked Plaintiff to disclose these documents to help Defendant conduct additional searches; but Plaintiff has not responded to Defendant's request and offer to conduct additional searches. *See* Jt. Disco Stmt, Att. A at 2. The parties have also failed to adequately meet and confer as to ESI. Defendant offered to produce e-mails in native format, which presumably would satisfy the demand for ESI, but Plaintiff did not respond to this offer. *See* Taylor Decl., Exh. C (Defendant's counsel asks "would you accept the native formats for the emails"). The parties' submission also suggests that while Defendant did not initially provide ESI, it subsequently did produce e-mails in native format, making it unclear whether this issue is still in dispute. As a result, because the parties have not adequately met and conferred regarding post-January 2022 documents and ESI, the issues are not ripe for the Court's review.

Second, Plaintiff's final argument—that Defendant's response to each RFP must include specific statements—is incorrect. *See* Jt. Disco Stmt at 3-5 & Att. A. For each RFP, Plaintiff argues that Defendant's response is deficient because the response did not include a statement "[t]hat a diligent search and reasonable inquiry was made." Jt. Disco Stmt, Att. A. Federal Rule of Civil Procedure 34 does not require this, and Plaintiff cites no legal authority for this argument. *See* Jt. Disco Stmt at 3-4. It appears that Plaintiff is relying on California Code of Civil Procedure § 2031.230, which does not apply here. The Federal Rules of Civil Procedure govern discovery in this federal court action.

Therefore, the Court separately denies Plaintiff's motion to compel on the above grounds.

/ / /

/ / /

---

motion to compel. That issue, however, is not ripe for the Court's review given the failure to adequately meet and confer. It's also unclear whether Defendant has possession, custody, or control of post-January 2022 documents where Plaintiff's statements lack documentary support.

## II.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion to compel (ECF Nos. 20, 21) is DENIED.

Dated: June 16, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE